

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINQIU LIN, | No. 19-72370 |
| Petitioner, | Agency No. A215-820-727 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2021**
Las Vegas, Nevada

Before:  CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Minqiu Lin petitions the court for review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of

asylum and withholding of removal pursuant to 8 U.S.C. §§ 1158(b)(1)(A),

---

\*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1231(b)(3)(A), and protection under the Convention Against Torture ("CAT") pursuant to 8 C.F.R. § 1208.16(c) (2019). We deny the petition for review.

We review the agency's factual findings for substantial evidence. *See Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019). A factual finding by the IJ "is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (internal quotation marks and citation omitted). The agency must provide "specific and cogent reasons in support of an adverse credibility determination," and consider the totality of the circumstances, and all relevant factors. *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (internal quotation marks and citation omitted).

The agency's credibility determination is supported by the record. Both the IJ and BIA identified inconsistencies related to Lin's retelling of the second incident with the police that apparently prompted Lin to flee to the United States. For example, Lin made conflicting testimonies about whether the police arrested and beat Lin's companions after the police discovered them distributing religious pamphlets.

Furthermore, Lin provided inconsistent testimonies about whether the police entered the home and "beat" him or whether he was able to narrowly escape and avoid physical injury altogether.

These inconsistencies severely undermine Lin's credibility because they directly relate to the incident that supposedly compelled Lin to flee China. *See Shrestha*, 590 F.3d at 1047 ("In light of the total circumstances, Shrestha's inability to consistently describe the underlying events that gave rise to his fear was an important factor that could be relied upon by the IJ in making an adverse credibility determination."). Accordingly, a reasonable adjudicator would not be "compelled to conclude" that Lin was credible. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)).

Substantial evidence also supports the agency's determination that the corroborating evidence was insufficient to rehabilitate his testimony. Although neither the BIA nor the IJ explicitly mentioned Lin's baptismal certificate, bail receipt, and medical report, the agency is not required to do so to sustain its adverse credibility determination. *Vilchez v. Holder*, 682 F.3d 1195, 1200–01 (9th Cir. 2012) (concluding the agency gave adequate consideration to all of the positive and negative equities in the record and noting that the IJ does not have to

write an exegesis on every contention). Here, the IJ and BIA pointed to significant inconsistencies that the unmentioned evidence could not rehabilitate. Thus, the agency did not err by failing to mention these documents.

Turning to the corroborative evidence that the agency discussed, Lin's wife and Lin's father appear to present themselves as Christians in their declarations, yet Lin testified that he was the only Christian in his family. Additionally, the letter from Lin's father omits the November police raid at his home. This omission undermines the letter's corroborative effect because Lin's father was supposedly present when the police arrived and created a commotion. Lin's father also played a significant role in helping Lin "narrowly escape" through the back door as well as keeping Lin apprised of police activity while he remained in hiding. Substantial evidence, therefore, supports the agency's finding that these documents did not rehabilitate Lin's claim.

Although the BIA's evaluation of the corroborating evidence was brief, this is not an instance where "the BIA's decision cannot be sustained upon its reasoning[.]" *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). The agency presented "a reasoned analysis of the evidence as a whole and cite[d] specific instances in the record that form the basis of the adverse credibility finding." *Tamang v. Holder*, 598 F.3d 1083, 1093–94 (9th Cir. 2010).

4

Finally, Lin neither identifies his eligibility for relief under CAT as an issue at bar nor presents any specific arguments for CAT protection.[1] Thus, Lin has waived this issue on appeal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue . . . not discussed in the body of the opening brief is deemed waived.").

**PETITION FOR REVIEW DENIED.**

---

[1] Lin discusses CAT only once in his brief where he outlines the relevant legal standard for CAT protection. Yet, the remainder of his brief fails to mention CAT.